**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **Case No. 24-cr-139-2 (TJK)** |
| v. | : | |
| | : | |
| GILBERTO PAZ MADRID, | : | |
| | : | |
| Defendant. | : | |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

**I.    Summary of the Plea Agreement**

The defendant, Gilberto Paz Madrid, agrees to admit guilt and enter a plea of guilty to Count One of the Information, charging him with Conspiracy to Distribute and Possess with Intent to Distribute 40 Grams or More of a Mixture and Substance Containing a Detectable Amount of Fentanyl and 500 Grams or More of a Mixture and Substance Containing a Detectable Amount of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846.

**II.    Elements of the Offense**

The essential elements of the offense of Conspiracy to Distribute and Possess with Intent to Distribute 40 Grams or More of a Mixture and Substance Containing a Detectable Amount of Fentanyl and 500 Grams or More of a Mixture and Substance Containing a Detectable Amount of Cocaine, in violation of 21 U.S.C. §§841(a)(1), (b)(1)(B), and 846, each of which the Government must prove beyond a reasonable doubt, are:

1.    That an agreement existed between two or more persons to commit the crimes of distribution and possession with the intent to distribute a controlled substance, in particular mixtures and substances containing detectable amounts of fentanyl and cocaine;

2.    That the Defendant intentionally joined that agreement; and

3.    That the Defendant knew the purpose of the agreement was to distribute and possess

1

with the intent to distribute a controlled substance, in particular more than 40 grams of a mixture or substance containing a detectable amount of fentanyl and more than 500 grams of a mixture or substance containing a detectable amount of cocaine.

The essential elements of the underlying offense of distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1) are:

1.    That the Defendant distributed a controlled substance.  Distribute means to transfer or attempt to transfer to another person.  The Government need not prove that the defendant received or expected to receive anything of value in return; and

2.    That the Defendant distributed the controlled substance knowingly and intentionally.  This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

The essential elements of the underlying offense of possession with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) are:

1.    That the Defendant possessed a controlled substance;

2.    That the Defendant did so knowingly and intentionally.  This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently; and

3.    That when the Defendant possessed the controlled substance, the defendant had the specific intent to distribute it.

## III.    Penalties for the Offense

The penalty for Conspiracy to Distribute and Possess with Intent to Distribute 40 Grams or More of a Mixture and Substance containing Fentanyl and 500 Grams or More of a Mixture and Substance containing Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846, is:

(A)    a term of imprisonment not less than five years and not greater than forty (40) years;

2

(B)     a fine not to exceed $5,000,000;

(C)     a term of Supervised Release of not less than four years to follow any period of incarceration; and

(D)     a special assessment of $100.

## IV.     Brief Statement of the Facts

Had this case gone to trial, the Government's evidence would have proven the following beyond a reasonable doubt:

Throughout the investigation, defendant Gilberto Paz Madrid was incarcerated and serving a sentence at the Federal Correctional Institute (FCI) Beaumont, located in Jefferson County, Texas. On or about February 14, 2024, Confidential Source-1 ("CS-1") reached out to defendant Paz Madrid by sending a WhatsApp message to a contraband cellphone Paz Madrid was using in prison. CS-1 claimed to have received Paz Madrid's number from a mutual acquaintance and explained that he was hoping Paz Madrid could introduce CS-1 to drug customers in the United States. In a later WhatsApp call, CS-1 stated that he could distribute both "F" (meaning fentanyl) and "blanco" (meaning cocaine). In a subsequent call between the two, Paz Madrid added co-defendant Jermaine Horne to the call. Horne asked the price for a kilo of cocaine, which CS-1 indicated would be between $17,000 and $18,000. Paz Madrid also advised CS-1 that Horne and his associates could assist CS-1 with the "F" and "cuadros" (meaning fentanyl and kilograms, respectively).

On March 6, 2024, Confidential Source-2 ("CS-2") reached out to Horne via telephone. CS-2 indicated that he was a courier working for CS-1. CS-2 asked, "So what you need?" Horne replied, "He told you right? He was saying you were bringing four." CS-2 asked, "Four or five?" Horne said, "I thought he said four but five, that's cool." CS-2 and Horne also discussed the type

3

of drug that CS-2 would deliver. CS-2 clarified that CS-2 was told to deliver "F" (meaning fentanyl). Horne responded that he was expecting "up" (meaning cocaine). CS-2 ended that call by telling Horne that CS-2 needed to make sure everyone was on the same page and would call Horne back.

Following the call with Horne, CS-2 called Paz Madrid. The two discussed the type of drug CS-2 would deliver to Horne. Paz Madrid indicated it would be the "blanco" (meaning cocaine). CS-2 indicated that he could deliver four kilograms to Horne. CS-2 later spoke again with Horne. Horne made clear that he wanted four kilograms of cocaine and one kilogram of fentanyl. The two made plans to meet the following week.

On or about March 14, 2024, CS-2 arranged to deliver the narcotics to Horne in Washington, D.C. However, Horne apparently saw surveillance vehicles in the area, and he did not enter the pre-arranged location to purchase the narcotics. In later conversations, Paz Madrid told the CSs that Horne was concerned about possible law enforcement, so he did not complete the purchase of narcotics. Horne later told Paz Madrid that he did not like the location because it was near a police station, a message that Paz Madrid conveyed to CS-2.

This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties, but it is a minimal statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there

4

is a sufficient legal basis for the Defendant's plea of guilty to the charged crime.

Respectfully Submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By: */s/ Nihar R. Mohanty*
Nihar R. Mohanty
D.C. Bar No. 436-686
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
202-252-7700
Nihar.Mohanty@usdoj.gov

## DEFENDANT'S ACKNOWLEDGMENT

I have read each of the pages that constitute the Government's proffer of evidence and have discussed it with my attorney, Elita Amato. I fully understand this proffer and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in my plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this proffer and my plea agreement and matters related to it.

Date: 6/29/2026

Gilberto Paz Madrid
Gilberto Paz Madrid
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages that constitute the Government's Proffer of Evidence, reviewed them with my client, Gilberto Paz Madrid, and discussed the provisions of the proffer with him fully. These pages accurately and completely set forth the Government's proof, as I understand it.

Date: 6/29/2026

Elita Amato
Attorney for Defendant Gilberto Paz Madrid

6